## AMERICAN PNEUMATIC TOOL CO. v. FISHER et al.

(Circuit Court, S. D. New York. August 12, 1895.)

1. PATENTS—PATENTABLE INVENTION—PNEUMATIC TOOLS.

There is patentable invention in bringing together and adapting in size, proportion, and relation the various parts necessary to form a cylindrical pneumatic drilling tool which may be held in, and guided by, the hand while at work, even though like parts, operating by steam or air in similar ways in engines of various sorts, were previously known.

2. SAME—PNEUMATIC DRILLING TOOLS.

The Bates patent, No. 364,081, for a pneumatic drilling tool, shows patentable invention, and is infringed by a tool made substantially in accordance with the Drawbaugh patent, No. 472,495.

This was a suit in equity by the American Pneumatic Tool Company against Robert Fisher and others for infringement of a patent for a pneumatic drilling tool.

Thomas B. Kerr and Leonard E. Curtis, for plaintiff.
Edward H. Brown, for defendants.

WHEELER, District Judge. This suit is brought upon patent No. 364,081, dated May 31, 1887, and granted to Albert J. Bates for a pneumatic drilling tool; and upon No. 373,746, dated November 22, 1887, and granted to James S. MacCoy, but not now claimed to have been infringed. These tools are for doing work done by hand tools with a mallet. They are cylindrical, for being held in, and guided to

the work by, the hand, with the working tool held by it at one end, hammered by a piston moved very rapidly by air forced in at the other end, and directed automatically by a valve working transversely, and air passages, into the cylinder alternately at one side and the other of the piston, and out at exhausts. Such tools for general use in such work appear to have been originated by MacCoy, as shown by his patents Nos. 323,053, dated July 28, and 326,312, dated September 15, 1885. Others for particular uses were originated by other persons, and among them that for a dental plugger, by Benaiah Fitts, as shown by his patent No. 265,950, dated October 17, 1882. These are nearest of any to the tool of the Bates patent; and that of the MacCoy patent is nearest of either of these. In the Fitts plugger the valve is in a separate cylinder, and mechanically operated; and in the MacCoy tool it is in the piston. The Fitts device was specially adapted to dental work, and could not be made to take the place of the hand and mallet in other work. Making room for the valve in the piston of the MacCoy tool weakened it as a hammer, and the operation of the valve in it made it wear out the cylinder irregularly. Bates arranged the valve in a separate chamber in the same cylinder, and strengthened the piston as a hammer, and improved its operation, by making it solid. The specification and drawings of his patent show and describe the valve so located in a separate chamber in the same cylinder with the solid piston, and set forth the air passages about, and the operation of, the several parts with much intricacy, not necessary to be followed here. There are nine claims, one only being relied upon, which is:

"3. In the pneumatic drilling tool described, and in combination with the case having an inlet and exhaust port, the cylinder having a piston chamber and a valve chamber arranged separate from each other and connected by means of ports and air passages, the piston, and valve for controlling said piston through the medium of said ports and air passages, substantially as and for the purpose set forth."

The Bates patent thus appears to be for a useful invention of an improvement upon the MacCoy tool. The valve is located and operated so differently from that of the Fitts plugger that invention would be required to adapt that, like this, to the MacCoy tool; and, as to that, this appears to be also a new improvement, for which Bates was well entitled to a patent. Railway Co. v. Sayles, 97 U. S. 554. Many patents of steam and air engines, and devices, are set up and proved as anticipations and limitations which would, if applicable, overthrow or make avoidable the MacCoy patent on the pneumatic tool itself, as well as this one for this improvement; and if prior like parts, operating by steam or air in engines of various sorts, in similar ways, would anticipate the use of such parts in the employment of such power everywhere, that result would be well accomplished. But the bringing, adapting in size, proportion, and relation, and so inclosing such parts as to form a tool of such power, capable of guidance to such work by hand, would seem to involve high and most useful inventive skill, well worthy of a patent upon the tool itself, or improvements of that kind upon it. Potts & Co. v. Creager, 155 U. S. 597, 15 Sup. Ct. 194. The combinations of parts similar to those of this third claim may be found in such engines

and devices, operating in a similar way, in relation to the other parts of those machines, but unadapted to the places and uses of such a tool. The same quality of inventive skill would be required for so bringing in and adapting these parts to the others as to constitute this very useful improvement. The claim is expressly for this combination in such a tool, and so exclusive of it elsewhere; and it seems to well cover, and to be valid for, this improvement. The defendants make pneumatic tools of this kind, substantially in accordance with the specifications of patent No. 472,495, dated April 5, 1892, and granted to Daniel Drawbaugh, for such a pneumatic tool. The valve chamber is separate from the piston chamber, and the valve, although it works longitudinally instead of transversely, does the same thing in substantially the same way as that of this claim of the Bates patent. So Bates' improvement appears to have been taken by Drawbaugh, and to be used by the defendants.

Decree for plaintiff.