BOYER v. CLEVELAND PNEUMATIC TOOL CO.

(Circuit Court of Appeals, Sixth Circuit. March 24, 1911.)

No. 2,034.

PATENTS (§ 328*)—INFRINGEMENT—PNEUMATIC HAMMER.
   The Boyer patent, No. 667,863, for a pneumatic hammer, narrowly construed, as it must be in view of the prior art, is not infringed by the device of the Richards patent, No. 735,589.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Ohio.

Suit in equity by Joseph Boyer against the Cleveland Pneumatic Tool Company. Decree for defendant, and complainant appeals. Affirmed.

See, also, 171 Fed. 105.

Edward Rector and Samuel E. Hibben, for appellant.

Cook, McGowan & Foote (E. Hayward Fairbanks and Hector T. Fenton, of counsel), for appellee.

Before KNAPPEN, Circuit Judge, and COCHRAN and SATER, District Judges.

SATER, District Judge. The complainant sues for alleged infringement of letters patent No. 667,863, issued to him on February 12, 1901, for improvements in pneumatic hammers. The defendant's hammer is constructed under the Richards patent No. 735,589, issued August 4, 1903. The claims alleged to be infringed are 1 to 9, both inclusive. Claims 2, 4, 6, and 8 differ from those next preceding them, respectively, by specifically providing that the valves must be "operated by fluid pressure alone." It is believed to be unnecessary for the purposes of the case to set forth a detailed description of the two devices and their respective modes of operation.

The complainant's drawings show an ingenious and complicated device, whose principal object is to give the hammering piston a longer and harder stroke than was theretofore usual in such tools. The piston may be given any desired length of stroke, even·many times its own length, and consequently may deliver a more powerful blow than is possible where the length of the stroke is measured by the length of the piston. In hammers in which the length of the piston regulates the length of the stroke, the inlet and outlet of the motive fluid (compressed air) are controlled by the opening and closing of ports or valves, which opening and closing is dependent on whether such ports

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

or valves are covered or uncovered by the moving piston. If the length of the stroke is made greater than the length of the piston, the outward and inward flow of the fluid must be controlled otherwise than by the mere length of the piston itself. The complainant has accomplished this result; but infringement is denied, and anticipation is charged.

The complainant entered a much cultivated field. The many patents offered in evidence to show anticipation need not be reviewed in detail, nor will it be profitable to review the cases in which tools of a like or kindred character have been the subject of litigation, as reflecting on the advanced state of the art. Reference, however, may be made to the British patents of Gray, No. 1,095, of 1863, Johnson, No. 3,125, of 1872, and Floyd, No. 2,693, of 1877, to the American patent of Manson, No. 152,391, of June 23, 1874, and especially that of Harthan, No. 590,661, of September 28, 1877. Some of the cases in which such tools are considered are American Pneumatic Tool Co. v. Fisher (C. C.) 69 Fed. 331, Fisher v. American Pneumatic Tool Co., 71 Fed. 523, 18 C. C. A. 235, American Pneumatic Tool Co. v. Bigelow Co., 77 Fed. 988, 23 C. C. A. 603, and (C. C.) 100 Fed. 467, American Pneumatic Tool Co. v. Philadelphia Pneumatic Tool Co. (C. C.) 123 Fed. 891, Cleveland Pneumatic Tool Co. v. Chicago Pneumatic Tool Co. (C. C.) 163 Fed. 846, and Boyer v. Keller Tool Co., 127 Fed. 130, 62 C. C. A. 244.

Gray's, Manson's and Harthan's patents show that the idea of making the stroke longer than the piston was old, the piston in the last two named patents being controlled, however, by mechanically actuated valves; but the fact that complainant's piston is controlled by a fluid actuated valve is not deemed important. The complainant concedes in his patent that valves, or a valve, operated by means of air compressed by the piston, are not novel, but says that he was not aware that such idea had been adapted to pneumatic hammers or to steam engines in a form suitable for use in pneumatic hammers. That he was mistaken as to the state of the art when he filed his application is apparent from an examination of the patents submitted. In the light of them, his patent, assuming it to be valid, discloses a narrow, and not a broad or pioneer, invention.

In complainant's device the valves, M and M', or the two parts, M and M', of a single valve, if they be considered as constituting such, are connected by two small rods or wires, T and T', extending longitudinally through the cylinder wall from one valve to the other, so that when one valve, by force of the compressed air, moves in a given direction, the other moves in the same direction. The omission of the rods or wires does not, however, materially change the operation of the parts. At the time he filed his application for his patent he had not, with satisfactory results, reduced to practice a unitary valve in the operation of his piston, nor does he describe such a valve. His valves are tubular or cylindrical, and wholly located within the body of the cylinder. The piston passes by and through them, and each valve controls the inlet and exhaust at its end only. He employs two valve chambers, one near each end of the cylinder.

The defendant's device has but a single unitary valve. The valve is solid, and not tubular, is located in a valve box at the rear end of the cylinder, and controls the inlet and exhaust at both ends of the cylinder. Its chamber is not within, but is outside of, the cylinder. The piston does not and necessarily cannot pass by or through the valve, as its stroke terminates before it reaches it. It connects with a detachable box inclosing a distributing valve. The hammer has but one valve-controlled exhaust and that is at the rear end. The piston is actuated in one direction by compressed air and in the other by air under normal or substantially normal pressure. In defendant's tool the exhaust air, passing back through the same passages which supply live air, escapes at the exhaust port in the handle socket; whereas in complainant's tool the air exhausts from the front end of the cylinder through its wall. Moreover, the mechanism of the two hammers is not interchangeable, and noninterchangeability is an important test in determining the question of infringement. Miller v. Eagle Mfg. Co., 151 U. S. 186, 14 Sup. Ct. 310, 38 L. Ed. 121. The defendant's hammer may accomplish the same results as complainant's; but it does not accomplish them by substantially the same or similar means, and consequently does not infringe.

The lower court did not err, and is therefore affirmed.